Rec: pt# 023556

ORIGINAL

ECF

FILED
FEB 2 2 2005
U.S. COURT OF
FEDERAL CLAIMS

UNITED STATES COURT OF FEDERAL CLAIMS

EDWARD KEETER AND KEETER TRADING COMPANY, Inc. — PLAINTIFFS

VS. — No. 05- 243C

UNITED STATES — DEFENDANT

## COMPLAINT

Now come the plaintiffs, EDWARD KEETER and KEETER TRADING COMPANY, Inc. by and through their attorney Christopher Carter of The Law Offices of Christopher O'Hara Carter, P.A. and for their complaint states to the Court:

1. That plaintiff Edward Keeter is a resident of Marion County, Arkansas and is the President and sole shareholder of Keeter Trading Company, Inc., an Arkansas Corporation in good standing.

2. The respondent is the United States Postal Service.

3. Jurisdiction of the Court is pursuant to 41 U.S.C. 605 and 41 U.S.C. §609(a)(1).

4. That on May 31, 2002 the defendant, United States Postal Service entered into a rural carrier contract with the defendant.

5. That the defendant willfully violated the contract and the plaintiff filed a complaint pursuant to the Contract Disputes Act of 1978 (41 USC 601-613) and a copy of his complaint (without exhibits) is attached hereto as Plaintiff's exhibit #1 and incorporated into this complaint as if set out word for word.

6. A decision was made by E. N. Rodriguez, Manager, Transportation Contracts of the Southwest Region of the United States Postal Service on April 28, 2004 to deny the claim. A copy of his decision is attached hereto as Plaintiff's exhibit #2 and incorporated into this complaint as if set out word for word. The Plaintiff has twelve (12) months from that date to contest his decision in this Court.

7. The United States Postal Service hearing officer took the position:

I need not decide the issue whether the USPS breached the contract. On December 24, 2003, 52 additional boxes were added to your contract. You invoked the provisions of H.8.a of the contract to decline the offer. At the same time, you refused to comply with your contractual obligations found later in the same provision- H.8.d.- to comply with all service changes pending dispute resolution under H.2. You then compounded your breach by abandoning the contract on February 20. Your abandonment of the contract rendered moot any purported breach by USPS.

8. That the decision of the hearing officer ignored the basic fact that it was the hearing officer himself who breached the contract and he was trying to cover his mistakes and incompetence. The hearing officer did not address the following issues which were set out in the complaint before him:

(a) That as early as the summer of 2003 that the postmaster of the Yellville Post Office approached the Plaintiff about adding about 50 boxes to his route;

(b) That the Postmaster again approached the plaintiff concerning this matter on December 1, 2003;

(c) That the contract clearly states changes of more than $2,500.00 must be **negotiated** (Emphasis added) and the postal service had been told twice the plaintiff did not want the additional boxes;

(d) That the formula showing the USPS calculations were wrong was not addressed;

(e) That the hearing officer failed to address the fact that his office discovered their error in calculations prior to the termination and made no efforts to remedy the situation.

9. That the decision of the hearing officer was arbitrary and capricious and the plaintiff prays he be granted all relief requested; to wit:

1) A finding that the USPS breached Contract 72665 and refund to acknowledge their mistakes.
2) $90,000 for payments due for the remainder of the contract term.
3) At least $15,000 attorneys fees.
4) $2,000 a day for each day Keeter was "written up" by Yellville Postmaster Linda Orr.
5) Reimbursement of funds withheld from Keeter during the contract.
6) $100,000 punitive damages for damages to Ed Keeter's reputation and the willful acts of the defendant in terminating the plaintiff's employment.
7) Removal of every "write up" and oral reprimand that Ed Keeter and Keeter Trading Company were issued.
8) A statement that the USPS will agree that Keeter performed exemplary service on his route.

10. That the plaintiff appeals the decision by the USPS to terminate his contract as indicated by attached exhibit #3 which is incorporated into this complaint as if set out word for word.

WHEREFORE, the plaintiffs pray that the Court award them actual damages in the amount of one hundred thirty-six thousand dollars ($136,000.00) together with punitive damages in the amount one hundred thousand dollars ($100,000.00) with attorneys fees in the amount of at least fifteen thousand dollars ($15,000.00), costs and all other just and proper relief to which they may prove themselves entitled.

Edward Keeter
EDWARD KEETER

Edward Keeter
EDWARD KEETER, President
Keeter Trading Company, Inc.

STATE OF ARKANSAS
COUNTY OF MARION

Before me, the undersigned, a Notary Public, duly commissioned and acting in and for the said County and State, on this day personally appeared Edward Keeter known to me to be the person whose name is subscribed to the foregoing instrument, and state that he executed the same for the purposes and consideration therein expressed and that the information contained herein is true and correct to the best of his knowledge and belief.

Given under my hand and official seal this 29th day of December, 2004.

My commission expires:
09-15-04

Donna Marie Baess
Notary Public

BY [signature]
CHRISTOPHER O'HARA CARTER
THE LAW OFFICES OF
CHRISTOPHER O'HARA CARTER, P.A.
P.O. BOX 300
YELLVILLE, AR 72687
Phone: (870) 449-2100 Fax: (870) 449-2105
AR Bar No. 88025
(Admitted to Federal Claims Court 2 March 1989)

DATE: 3 January 2005

**LAW OFFICES OF CHRISTOPHER O'HARA CARTER, P.A.**
CHRISTOPHER CARTER
Attorney at Law
P.O. Box 300
215 Old Main Street
Yellville, Arkansas 72687
Phone: (870) 449-2100 Fax: (870) 449-2105

March 10, 2004

Mr. Johnny Lott
Manager, Transportation Contracts
Southwest DNO
Southwest Area Office
78 North Stemmons Freeway, Suite 250
Dallas, TX 75247-4217

RE: Keeter, Inc. (now Keeter Trading Co., Inc.) claim pursuant to the Contract Disputes Act of 1978

Dear Mr. Lott:

My office has been retained by Keeter, Inc. 807 MC 4018, Yellville, Arkansas 72687 who until February 20, 2004 was a contract carrier with the United States Postal Service. Pursuant to the Contract Disputes Act of 1978 (41 USC 601-613) and provision H.8(a)(2) of the RFP as well as handbook P-5 "Highway Contract Routes Box Delivery Service" please accept this written demand by Keeter, Inc. seeking, as a matter of right, the payment of money in a sum certain as well as the interpretation of contract terms. Because this written demand seeks payment of a money in excess of $100,000 Ed Keeter, president of Keeter Trading Co., Inc. and its sole shareholder, has certified the claim in accordance with the act.

**THE PARTIES**

The claimant is:

Ed Keeter, President
Keeter, Inc. (now known as Keeter Trading Co., Inc)
807 MC 4018
Yellville, AR 72687

The respondents:

(1) United States Postal Service
(2) Southwest Area Office and
(3) Linda Orr, Postmaster
Yellville, AR 72687

PLAINTIFF'S EXHIBIT
1

**FACTUAL HISTORY**

On May 31, 2002 the United States Postal Service entered into a rural carrier contract with Keeter, Inc. of Yellville, Arkansas a corporation in existence since 1993 and solely owned by Ed Keeter. A copy of the contract is attached to this complaint and incorporated herein as if set out word for word and is marked as plaintiff's exhibit #1.

That at all times involving this contract and situation Linda Orr was the postmaster of Yellville, Arkansas and the administrative official over Keeter, Inc. That during the summer of 2003 Yellville postmaster Linda Orr asked Ed Keeter, president of Keeter, Inc. if he was interested in 50 or so additional boxes along Highway 14. Keeter's current route was north of these boxes and he passed these boxes every day. Keeter told Postmaster Orr that he was satisfied with the route he had and did not want to add additional boxes. Keeter also told the Southwest Area Office of the United States Postal Service the same thing.

On December 1, 2003 postmaster Orr informed Keeter that he would be taking over those additional boxes in January. She was again told he was not interested and postmaster Orr informed that it did not matter what he wanted. Ed Keeter called Jeanette Wofford of the Southwest Area Office and told her he was not interested in adding these boxes to his route. Jeanette Wofford told him that everything was already signed and approved. This statement was not true as indicated by exhibit #3. Jeanette Wofford informed Keeter to read his contract in the section on major and minor service changes. Keeter did and saw that it was a major change pursuant to the contract and the contract and the Highway Contract Box Delivery Service Handbook P-5 states as follows:

> The manager, transportation contracts, or his or her designee may order a service change that does not increase the suppliers pay by more than $2,500. All other changes must be negotiated by the manager, transportation contract. The administrative official is not authorized to negotiate compensation or otherwise amend the contract.

The formula to be used is as follows:

> When processing extensions or en route boxes, the manager, transportation contracts, will apply the following formula. Compute adjustments in the annual hours for casing and route operations using two constant factors. Multiply the number of additional boxes by 3.64 and the additional miles by 10.4. The sum of the two equals the new ours added to the contract. For example, 10 new boxes and three additional miles are added to the route. Multiply 10 boxes by 3.64 = 36.40. Multiply 3 miles x 10.40 = 31.20. Add 36.40 + 31.20 = 67.50 to obtain the total number of additional annual hours.

In this case the petitioner agrees that there is no additional mileage but there were 52 additional boxes. Using the formula 52 times 3.64 is 189.28. The contract price is $14.31 which makes a total change of $2,708.60. Specific changes in the contract (clause B-67) are attached hereto as exhibit #5 and reads as follows:

> (1) Minor Service Changes. The contracting officer may, at any time, without consulting the supplier, issue orders directing an extension, curtailment, change in line of travel, revisions of route, or increase or decrease in frequency of service or number of trips and **fixing an adjustment in the supplier's compensation which increases the supplier's rate of pay by no more than $2,500**. If the supplier believes the increased cost of providing the service required by the order exceeds the increase made in compensation, it may request an adjustment of compensation for the service change. (Emphasis added).

(2) Other Service Changes. **Service changes other than minor service changes, including increases or decreases in compensation, may be made by mutual agreement of the contracting officer and the supplier.** Such changes shall be memorialized by formal amendment to the contract. (Emphasis added).

Nothing can be clearer that this change required mutual agreement of the contracting officer and the supplier. That is not even open to debate and the matter should have been dropped on December 1, 2003 because of lack of consent by Keeter, Inc.

On or about December 22, 2003 Keeter's contract was amended to add one new box (see plaintiff's exhibit #2) and there was no mention of the additional boxes. Adding one additional box is a minor change and the supplier, Keeter, Inc. accepted that change pursuant to the contract. However, on or about January 2, 2004 the supplier, Keeter, Inc. received plaintiff's exhibit #3 in the mail which added 52 boxes to his route - - an increase of about 20% - - but the monetary figures increased his contract by only $1,087.56. When one looks through the contract you will notice that this figure was arrived at by the multiplier of 76 hours. Using the formula outlined above that was clearly in error and plaintiff's exhibit #3 refers to this as a "minor" change. While $1,087.56 would in fact be a minor change, it was completely miscalculated by the postal service.

On January 5, 2004 petitioner Keeter explained to Postmaster Orr that he was not going to run the route and he informed the Southwest Area Office that they miscalculated the contract and he did not agree to this change. That it was the intent of Yellville Postmaster Linda Orr, the Southwest Area Office of the United States Postal Service and the United States Postal Service as a whole to force Keeter, Inc. to accept the changes without his agreement despite their contract. From December 1, 2003 through January 24, 2004 the United States Postal Service had *fifty-five* days to evaluate the situation and was warned ahead of time that Keeter, Inc. would not accept the changes and would not run the additional route.

On January 24, 2004 Keeter, Inc. was written up for "114 letters, 27 flats and 6 parcels not cased or delivered. All this mail was intentionally delayed." The response of Keeter, Inc. was "I never agreed to this change to my contract which adds over 20% to my box count. This change is not according to the terms of my contract. I delivered all the mail I am responsible for." It is interesting to note that in section 3 of the contract route irregularity report there is not a single comment. In fact, this pattern continued and Keeter, Inc. received write ups on January 26, 27, 28, 29, 30, 31, February 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 17, 18, 19 and 20. All the reports are attached hereto as exhibit #7 and incorporated herein. Postmaster Orr then started charging the petitioner the additional cost of delivering the boxes and in addition began writing the petitioner up for petty complaints about leaving the post office "early" when the attached time sheets (exhibit #6) clearly indicate the set pattern that Keeter, Inc. had been operating under for 18 months.

Included in all the written write ups (exhibit #7) was an oral communication on January 24, 2004 by Debra S. Davenport who is listed as an administrative official; an oral communication record from Postmaster Linda Orr on January 26, 2004; a weekly write up for a formal conference on unsatisfactory service for January 28th. At this meeting Keeter informed Postmaster Linda Orr that if she continued to deduct $95.00 per day from his pay then he could not continue to run his route. During these meetings Ed Keeter explained to the Postal Service his position and went over the figures. In addition he sent a registered letter to the Southwest Area dated January 31, 2004 that set out his position (again) and largely explained everything that has been put in this petition.

The response to all his letters and information by the United States Postal Service was a "contract route service order" dated February 10, 2004 in which the postal service was going to deduct a lump sum for "omitted service/refusal to deliver 52 new boxes." On February 20, 2004 the postal service deducted $424.80 and Ed

Keeter sent in his letter indicating the contract was terminated and informed Linda Orr, Yellville Postmaster, that was his position.

This is all confirmed by the attached note (exhibit #8) in which Linda Orr informed Jeanette Wofford "the contactor left me an envelope containing the building keys and his badge and said I had violated his contract and this was his last day. He also left a letter which I am scanning to you."

Shortly thereafter you (Johnny Lott) sent a letter on behalf of E. N. Rodriguez which stated "please take immediate action to **restore all service** on this route **within three (3) days** of receipt of this letter or your rights to perform on this route terminated for default. If your contract is terminated, you may be liable for damages, including the administrative costs of obtaining replacement service and any costs of the new service that exceed those of service under your contract." (See attached exhibit #9).

The petitioner, Keeter, Inc. then received a route adjustment approved by Jeanette Wofford dated February 11, 2004 and ordered by some person (name unreadable) on February 19, 2004. This adjustment to the contract route service order **proves** that the United States Postal Service, Postmaster Linda Orr, Jeanette Wofford, and everyone in Dallas knew that the supplier and his figures were correct. This contract (exhibit #4) attempts to make up the difference to comport with Ed Keeter's original figures and adds $1,602.72 to the contract and described this as a "insignificant minor service change".

The United States Postal Service started using the correct formula (at last) but separated it into two contracts, plaintiff's exhibit #3 dated December 24, 2003 and plaintiff's exhibit #4 dated February 19, 2004 and tried to justify their actions by creating two "insignificant changes" when in fact it is just one change for $2,708.60 which has to be negotiated and agreed upon by the supplier and the Area Manager and it was not.

**CLAIMS**

The supplier, Keeter, Inc. accuses Postmaster Linda Orr, United States Postal Service, and the Southwest Area Office in particular, of failure to follow the terms of the contract despite being notified in writing and orally over 20 separate times that the USPS was in error and Keeter had to agree to the requested change.

That the supplier, Keeter, Inc. accuses the United States Postal Service of failing to act in good faith by adding 52 boxes to his route and not applying the proper formula or the proper terms of the contract. He further accuses the United States Postal Service of trying to hide their mistakes by granting him the increase in the route but by dividing it into two separate "insignificant" contracts to justify their actions thereby attempting to force him to accept changes to his contract.

That the United States Postal Service and specifically Postmaster Linda K. Orr, continued to harass the supplier, Keeter, Inc. and its president Ed Keeter, writing him up a total of 23 times when he had clearly explained his position. The more complaints that were filed against Keeter, Inc. the more petty the complaints became.

That the United Postal Service, unilaterally and without authorization, started deducting from the supplier, Keeter, Inc. hundreds of dollars so that if the deductions continued at the rate suggested by the United States Postal Service the respondent would have been working for free because he would not have been able to cover his expenses.

That the supplier, Keeter, Inc. accuses the United States Postal Service of creating a hostile work environment to the extent the actions of Postmaster Linda Orr and the United States Postal Service – Southwest Area Office

constituted an insult to his intelligence and a form of harassment to drive him out of his route and contract so other favored people could be placed on his route.

**DEMANDS**

1. The supplier, Ed Keeter, requests that you find that the United States Postal Service breached his contract without just cause and tried to manipulate the contract to justify their actions and he prays that he be awarded the following damages:

a. $90,000 for the remainder of the contract;
b. $15,000 for attorneys fees;
c. $2,000 for each day he was written up between January 24, 2004 and February 20, 2004 (a total of 23 days and $46,000.00);
d. Reimbursement of funds withheld from his contract.
e. That as the actions and harassment from the United States Postal Service and its employees against Ed Keeter and Keeter, Inc. were intentional, malicious and willfully pursued and prays for punitive damages in the amount of $100,000.

2. That the United States Postal Service and Postmaster Linda Orr remove every write up and oral reprimand against him that was issued between December 1, 2003 and February 20, 2004.

3. That the United States Postal Service will agree that during the time of the contract Keeter, Inc. and specifically Ed Keeter performed exemplary service on his route.

**I certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the supplier believes the postal service is liable, and I am duly authorized to certify the claim on behalf of the supplier.**

Edward L. Keeter
EDWARD L. KEETER, President
KEETER TRADING CO., Inc.

STATE OF ARKANSAS
COUNTY OF MARION

Now comes before me, Edward L. Keeter, a person known to me who upon being duly sworn states that the foregoing document consisting of six pages of which this is the fifth is true and correct to the best of his knowledge and belief.

09-15-06
My commission expires:

Donna Marie Baer
Notary Public

(SEAL)

BY ______________________

CHRISTOPHER O'HARA CARTER
THE LAW OFFICES OF
CHRISTOPHER O'HARA CARTER, P.A.
P.O. BOX 300
YELLVILLE, AR 72687
Phone: (870) 449-2100 Fax: (870) 449-2105
AR Bar No. 88025
MO Bar No. 38636

DISTRIBUTION NETWORKS
SOUTHWEST AREA

UNITED STATES
POSTAL SERVICE

April 28, 2004

Keeter, Inc.
807 MC4018
Yellville, AR 72687-9081

**CERTIFIED NO. 7003 2260 0007 1672 6676**
**RETURN RECEIPT REQUESTED**

Re: Decision - Contract Claim
Transportation Services Contract No. 72665
Keeter, Inc.

Dear Mr. Keeter:

The purpose of this letter is to respond to your March 10, 2004 claim submitted through your attorney.

On May 31, 2002, the USPS and Keeter, Inc. ("Keeter") executed Transportation Services Contract No. 72665. It was effective July 1, 2002. This contract called for Keeter to deliver mail and provide associated services to specific boxes on a designated schedule between Yellville and Peel, Arkansas. Keeter commenced performance of its duties under the contract.

On December 24, 2003, the USPS amended contract 72665 to add 52 new boxes to the contract. This amendment was to be effective January 24, 2004. Keeter objected to the modification. Beginning January 24, 2004, and at all times subsequent, Keeter refused to case, carry or deliver any mail associated with the 52 additional boxes. The USPS incurred additional expenses in getting the mail delivered to the 52 additional boxes and for a few days withheld a small percentage from Keeter's contract payments.

The USPS Administrative Official conducted a formal conference with Keeter to discuss the situation on January 30, 2004. Keeter remained steadfast in its refusal to case, carry and deliver mail associated with the 52 additional boxes. The Administrative Official sent Keeter a final request for service improvement on February 2, to no effect. On February 19, 2004, pay under the modification was adjusted effective January 31, 2004. On February 20, 2004, Keeter abandoned the entire route and has since failed to provide any service whatsoever. The USPS engaged an emergency contractor to service the route. I sent Keeter a notice of Default – Abandonment of Route on February 24. Keeter responded by filing its claim through counsel on March 10. You demanded:

1. A finding that the USPS breached Contract 72665.
2. $90,000 for payments due for the remainder of the contract term.
3. $15,000 attorney's fees.
4. $46,000 - $2,000 a day for each day Keeter was "written up."
5. Reimbursement of funds withheld from Keeter during the contract.
6. $100,000 punitive damages.
7. Removal of every "write up" and oral reprimand that he was issued.
8. A statement that the USPS will agree that Keeter performed exemplary service on his route.

PO BOX 225428
DALLAS TX 75222-5428
214-819-8808
FAX: 214-819-8799

PLAINTIFF'S EXHIBIT 2

My responses to your demands follow:

Claim (1) – USPS Breach

I need not decide the issue whether the USPS breached the contract. On December 24, 2003, 52 additional boxes were added to your contract. You invoked the provisions of H.8.a. of the contract to decline the offer. At the same time, you refused to comply with your contractual obligations found later in that same provision – H.8.d. – to comply with all service changes pending dispute resolution under H.2. You then compounded your breach by abandoning the contract on February 20. Your abandonment of the contract rendered moot any purported breach by the USPS.

Claim (2) and (3) - $90,000 payments due for remainder of contract term and $15,000 attorneys fees.

I deny these claims. Keeter proffered no legal or contractual basis for these measures of damage and no evidence to support either amount claimed. Moreover, to the extent that Keeter would be entitled to any damages whatsoever, its sole recovery is limited to the measure of damages contained in Section H.8.e. (2).

Claims (4) and (6) - $46,000 "write up" damages and $100,000 punitive damages.

I deny these claims. Keeter proffered no legal, contractual or factual basis for either this measure of damage or the amount claimed. Punitive and exemplary damages are not recoverable.

Claim (5) Reimbursement for funds withheld.

I defer my response to this claim. Rather than complying with its contractual obligation to comply with the unilateral service change modification pending receipt of the response to his request for interpretation/appeal to the Contracting Officer, Keeter abandoned and refused to perform its obligations under the contract. As a result, the USPS incurred expenses to get the mail delivered that Keeter left at the station. The USPS withheld $424.80 from Keeter pursuant to Section F.1.d. for some of the costs it incurred in obtaining substituted delivery. As stated in the notice of termination for default, you will be subsequently apprised by separate letter of the exact amount of excess procurement costs you owe.

Claims (7) and (8) – Removal of "write-ups" and stipulation re quality of service.

I deny these claims. Rather than complying with its contractual obligation to comply with the unilateral service change modification pending receipt of a response to its request for interpretation/appeal to the Contracting Officer, Keeter refused to perform. Keeter breached its contractual obligations. The write-ups reflect this fact and will not be removed from its file. The facts regarding Keeter's quality of service/performance speak for themselves. Moreover, such equitable relief falls outside the scope of the contract-mandated remedies.

This is the final decision of the contracting officer. Under the Contract Disputes Act of 1978 and the clause of your contract entitled Claims and Disputes, you may appeal this decision to the Postal Service Board of Contract Appeals. If you decide to make an appeal to the Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within 90 days from the date you receive this decision. The notice should identify the contract

by number, reference this decision, and indicate that you intend to appeal. Alternatively, you may bring an action directly in the United States Court of Federal Claims within twelve (12) months of the date you receive this decision.

In taking an appeal to the Board of Contract Appeals, you may include in your notice of appeal an election to proceed under the Board's Accelerated procedure, which provides for a decision within approximately 180 days. If you do not make an election in the notice of appeal you may do so by written notice anytime thereafter.

If you have any questions, you may contact Jeanette Wofford at 214-819-8823.

Sincerely,

E.N. Rodriguez
Manager, Transportation Contracts

CC: Christopher Carter, Esq.
P. O. Box 300
215 Old Main Street
Yellville, AR 72687

DISTRIBUTION NETWORKS
SOUTHWEST AREA

UNITED STATES POSTAL SERVICE

April 28, 2004

**CERTIFIED NO. 7003 2260 0007 1672 6683**
**RETURN RECEIPT REQUESTED**

Keeter, Inc
807 MC4018
Yellville AR 72687-9081

Re: Termination of Contract - HCR 72665

Dear Mr. Keeter:

Enclosed is a copy of Form 7440 terminating your right to perform service on Highway Contract Route 72665 as of the close of business February 20, 2004.

Your right to perform service on this route is terminated under Part 2, Section H.5.a. and b. of the RFP for failure to perform service according to the terms of the contract; and abandonment of route. You reported to the Yellville AR Post Office around 1500 on February 20, 2004 and turned in your badge and keys to Postmaster Linda Orr. A written statement was given to her at that time stating you had worked your last day for the United States Postal Service. You then faxed a copy of the same statement to our office. Since then you have not provided service on HCR 725A4, Yellville AR to Peel AR. A cure letter dated February 24, 2004, was mailed to you. The PS Form 3811 indicates you signed for the card on February 27, 2004.

Part 2, Section H.4 of your contract allows the Postal Service the right to seek damages equal to the actual excess costs incurred for the performance of this service through the remainder of the contract term, which is June 30, 2006. You will be notified when the Postal Service has determined the exact amount of damages owed.

This is the final decision of the Contracting Officer pursuant to the Contracts Disputes Act of 1978 and the clause of your contract entitled Claims and Disputes. You may appeal this decision to the Postal Service Board of Contract Appeals by mailing or otherwise furnishing written notice (preferably in triplicate) to the contracting officer within ninety (90) days from the date you receive this decision. The notice should identify the contract number, reference this decision, and indicate that an appeal is intended. Alternatively, you may bring an action directly in the United States Court of Federal Claims within twelve (12) months from the date you receive this decision.

PO BOX 225428
DALLAS TX 75222-5428
214-819-8808
FAX: 214-819-8799

PLAINTIFF'S EXHIBIT 3

In taking an appeal to the Board of Contract Appeals, you may include in your notice of appeal an election to proceed under the Board's Small Claims (expedited) procedures, which provides for a decision within approximately 120 days. Or an election to proceed under the Board's accelerated procedure, which provides for a decision within approximately 180 days. If you do not make an election in the notice of appeal, you may do so by written notice anytime thereafter.

Sincerely,

EN Rodriguez
Manager, Transportation Contracts

Enclosure

cc: Administrative Official – Postmaster, Yellville AR

POSTAL SERVICE ® CONTRACT ROUTE SERVICE ORDER

OLD: NO

NEW: CHANGE

| 2. CONTRACT NO. | 3. BEGIN CONTRACT TERM | 4. END CONTRACT TERM |
|---|---|---|
| 72665 | 07/01/2002 | 02/21/2004 |

5. FOR MAIL SERVICE IN OR BETWEEN

CITY & STATE: YELLVILLE, AR

CITY & STATE: PEEL, AR

6. NAME AND ADDRESS OF SUPPLIER

KEETER INC
807 MC4018
YELLVILLE AR 72687-9081

7. THIS SPACE FOR ASC USE ONLY

8. THE FOLLOWING ORDER IS HEREBY ISSUED

TERMINATION FOR DEFAULT - SUSPEND FUNDS

EFFECTIVE CLOSE OF BUSINESS 02/20/2004, THIS CONTRACT IS TERMINATED UNDER THE TERMINATION FOR DEFAULT CLAUSE. SUSPEND ALL PAY UNTIL SUBSEQUENT ORDER DIRECTS RELEASE OF FUNDS.

REPLACEMENT SERVICE WILL BE PERFORMED BY HCR 726DU.

Reviewed by: [signature] Date 4-29-4

ORDERED–IN By: ____________ Date ________

9. SIGNATURE OF CONTRACTING OFFICER

[signature]

11. TITLE OF CONTRACTING OFFICER

MGR,TRANSPORTATION CONTRACTS

12. ADDRESS OF CONTRACTING OFFICER

SOUTHWEST DNO
SOUTHWEST AREA OFFICE
7800 N STEMMONS FRWY,SUITE 250
DALLAS TX 75247-4217

10. DISTRIBUTION

1 - Contracting Officer
2 - Accounting Service Center
3 - Administrative Official
4 - Supplier
5 - P&DC/F
6 - Customer Service District
7 - En Route Offices

| 13a. DATE ORDERED | b. ORDER NO. | c. ROUTE ORDER NO. | d. BUDGET ACCOUNT NO. | e. FINANCE NO. |
|---|---|---|---|---|
| 4/29/04 | 752-05431-04 | 15 | 53605 | 04-5133 |

PS Form 7440
September 2001

UNITED STATES POSTAL SERVICE®

# CONTRACT ACTIVITY LOG

1. CONTRACT NO.: 72665
2. BEGIN CONTRACT TERM: 07/01/2002
3. END CONTRACT TERM: 02/21/2004
4. NAME & ADDRESS OF SUPPLIER: KEETER INC, 807 MC4018, YELLVILLE AR 72687-9081
5. TELEPHONE NO.: 870-449-6269
6. FOR MAIL SERVICE IN OR BETWEEN: CITY & STATE: YELLVILLE, AR; CITY & STATE: PEEL, AR
7. 24-HOUR TELEPHONE NO.: 870-449-6269
8. DOT NO.:
9. ADMINISTRATIVE OFFICE: YELLVILLE
10. ADMIN. TELEPHONE NO.: 870-449-6638
11. NAME & ADDRESS OF SUBCONTRACTOR:
12. TELEPHONE NO.:
13. TYPE OF ROUTE: REGULAR
14. TYPE OF SERVICE: COMBINATION (BOX DELIVERY/TRANSPORTATION)
15. 24-HOUR TELEPHONE NO.:
16. ANNUAL MILES: 31,610.2
17. ANNUAL HOURS: 2,091
18. BOXES SERVED: 302
19. DOT NO.:

20. VEHICLES

| COST SEGMENT | QUANTITY | DESCRIPTION | LENGTH | CUBES | PAYLOAD |
|---|---|---|---|---|---|
| A | 1 | Pickup+camper/station wagon/car | | 90 | 1680 |

21. SUMMARY OF CONTRACT ACTIVITY

| ORDER NO. | ROUTE ORDER NO. | TYPE OF ACTIVITY | EFFECTIVE DATE | COST SEGMENT | PAYMENT METHOD | CONTRACT RATE | ANNUAL UNITS | RATE PER MILE | FINANCE NO. | BUDGET ACC NO. |
|---|---|---|---|---|---|---|---|---|---|---|
| 752-05431-04 | 15 | Termination for Default - Suspend Funds | 02/21/2004 | A | PER ANNUM | $42,808.93 | 31,610.20 | $1.35428 | 04-5133 | 53605 |
| 752-03008-04 | 14 | SUSPEND PAY - ABANDONMENT OF ROUTE | 02/21/2004 | A | PER ANNUM | $42,808.93 | 31,610.20 | $1.35428 | 04-5133 | 53605 |
| 752-02704-04 | 13 | Insignificant Minor Service Change | 01/31/2004 | A | PER ANNUM | $42,808.93 | 31,610.20 | $1.35428 | 04-5133 | 53605 |
| 752-02687-04 | 12 | ONE TIME DEDUCT: OMITTED SERVICE | 01/24/2004 | A | PER ANNUM | $41,206.21 | 31,610.20 | $1.30357 | 04-5133 | 53605 |
| 752-01867-04 | 11 | Insignificant Minor Service Change | 01/24/2004 | A | PER ANNUM | $41,206.21 | 31,610.20 | $1.30357 | 04-5133 | 53605 |
| 752-01825-04 | 10 | Insignificant Minor Service Change | 11/29/2003 | A | PER ANNUM | $40,118.65 | 31,610.20 | $1.26917 | 04-5133 | 53605 |
| 752-01331-04 | 9 | ONE TIME PAY: $124.78 UNIFORM PURCHASE | 10/04/2003 | A | PER ANNUM | $39,939.47 | 31,458.70 | $1.26958 | 04-5133 | 53605 |
| 752-00222-04 | 8 | One-Line Fuel | 09/06/2003 | A | PER ANNUM | $39,939.47 | 31,458.70 | $1.26958 | 04-5133 | 53605 |
| 752-07042-03 | 7 | One-Line Fuel | 04/19/2003 | A | PER ANNUM | $39,572.70 | 31,458.70 | $1.25793 | 04-5133 | 53609 |
| 752-03241-03 | 6 | One Line-Fuel | 02/22/2003 | A | PER ANNUM | $39,948.29 | 31,458.70 | $1.26986 | 04-5133 | 53609 |
| 752-09887-02 | 5 | ONE TIME PAYMENT $249.85 UNIFORM PURCHA | 07/02/2002 | A | PER ANNUM | $39,487.92 | 31,458.70 | $1.25523 | 04-5133 | 53609 |
| 752-09850-02 | 4 | ONE TIME PAYMENT $85.86 NEW CONTRACTOR | 07/01/2002 | A | PER ANNUM | $39,487.92 | 31,458.70 | $1.25523 | 04-5133 | 53609 |
| 752-09499-02 | 3 | Apply Wage Determination | 07/01/2002 | A | PER ANNUM | $39,487.92 | 31,458.70 | $1.25523 | 04-5133 | 53609 |
| 752-04422-02 | 1 | Award Regular Service | 07/01/2002 | A | PER ANNUM | $39,487.92 | 31,458.70 | $1.25523 | 04-5133 | 53609 |