**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EDWARD KEETER and KEETER TRADING COMPANY, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-243C** **(Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

As its answer to the complaint, defendant admits, denies, and avers as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Denies. Defendant avers that the United States is the defendant in this action.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiffs' characterization of their action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first sentence of paragraph 6 that "[a] decision was made by E.N. Rodriguez, Manager, Transportation Contracts of the Southwest Region of the United States Postal Service on April 28, 2004." Admits the remaining allegations contained in the first sentence of paragraph 6 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise these allegations are denied. The allegations contained in the second sentence of paragraph 6 constitute plaintiffs'

characterization of their action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 6 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise these allegations are denied.

8. Denies the allegations contained in the first sentence of paragraph 8. Admits the allegations contained in the second sentence of paragraph 8 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise these allegations are denied.

9. The allegations contained in paragraph 9 constitute conclusions of law and plaintiffs' prayer for relief. To the extent these allegations constitute conclusions of law, no response is required; to the extent they may be deemed allegations of fact, they are denied. To the extent these allegations constitute plaintiffs' prayer for relief, defendant denies that plaintiffs are entitled to the relief set forth in paragraph 9 or to any relief whatsoever.

10. The allegations contained in paragraph 10 constitute plaintiffs' characterization of their action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 11 of the complaint, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiffs' complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Michael Francis Kiely
MICHAEL FRANCIS KIELY
Civil Practice Section
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6523
Washington, D.C. 20260-1127
(202) 268-4037

Date: May 28, 2005