IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **EDWARD KEETER and KEETER TRADING COMPANY, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-243C (Judge Bush)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER**

Pursuant to the Court's order, dated May 17, 2005, defendant is respectfully submitting its response to the Court's order to show cause why the Court should not grant plaintiffs' motion and enter a default judgment in this case.[1]

I. Factual Background

Because the Law Department of the United States Postal Service is representing the defendant in this case, it would be useful and relevant to briefly recount here the circumstances giving rise to that representation. The Department of Justice, pursuant to 28 U.S.C. § 518, regularly delegates to the United States Postal Service primary responsibility for cases filed at the Court which involve actions of the Postal Service and in which the amount in controversy is less than $250,000. This delegation is accomplished by a delegation letter sent to the General Counsel of the Postal Service by Commercial Litigation Branch of the Civil Division of the Department of Justice. From that point forward, the Postal Service attorney submits a notice of

[1] Defendant is also aware of an earlier show cause order issued by the Court on May 6, 2005, directing that defendant file a response by May 31, 2005. Given that this earlier order appears to have been removed from the Court's CM/ECF docket for this case and that the two orders address the same matter, defendant considers that the May 17 order superseded the May 6 order, and, consequently, defendant is responding to the May 17 order.

appearance and actively represents the United States in the case, see, e.g., Kimco *et al.* v. United States, No. 98-736C; McSheffrey v. United States, No. 02-1514C; Wayne v. United States, No. 03-21C, while the Department of Justice monitors the case and retains the right to approve any settlement.

Whenever the Postal Service receives a delegation letter from the Department of Justice, the letter is given to Lori J. Dym, Chief Counsel for Commercial and Appellate Litigation within the Civil Practice section of the Postal Service Law Department in Washington, D.C. Attachment ("Att.") A, Declaration of Lori J. Dym ("Dym Decl.") ¶ 4; Att. 2, Declaration of Thomas P. Irwin ("Irwin Decl.") ¶ 4. Ms. Dym then assigns the case to an attorney directly under her supervision. Dym. Decl. ¶ 4. That attorney would then file a notice of appearance and undertake representation of the United States.

In this case, the Department of Justice sent a delegation letter to the Postal Service on or about March 9, 2005. Att. C. However, for reasons that are not clear, the Postal Service never receive this delegation letter. Dym Decl. ¶ 5; Irwin Decl. ¶ 5. Consequently, no Postal Service attorney was assigned to the case until May 11, 2005, when the Postal Service first learned of the existence of this case by receiving notice from the Department of Justice that the Court had issued a show cause order. Dym Decl. ¶ 5; Irwin Decl. ¶ 5. At that time, the case was promptly assigned, and the undersigned attorney filed a notice of appearance on that very day. Since that time, Postal Service attorneys have actively represented the defendant, have conferred with opposing counsel regarding the Court's Alternative Dispute Resolution ("ADR") procedures, have participated in an ADR conference with the Court on June 8, 2005; and have discussed in detail with opposing counsel a possible settlement of this case.

II. Standards For Entry Of A Default Judgment

Judgment by default is a drastic step which should be resorted to only in the most extreme cases." Information Sys. & Networks Corp. v. United States, 994 F.2d 792, 796 (Fed. Cir., 1993). A "default judgment for failure to defend is appropriate when the defending party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" Fingerhut Corp. v. Ackra Direct Mktg. Corp., 86 F.3d 852, 856 (8th Cir., 1996) (quoting United States on behalf of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir., 1993). The entry of judgment by default is "only appropriate where there has been a clear record of delay or contumacious conduct." E.F. Hutton & Co. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). An example of such a clear record of delay has been found when a defendant, in defiance of the Federal Rules of Civil Procedure, failed to file a timely answer to any of plaintiff's five amended complaints, failed to submit pre-trial submissions in accordance with the district court's pre-trial order, and precluded plaintiff from the opportunity to conduct any discovery. Taylor v. Ballwin, 859 F.2d 1330, 1332 (8th Cir., 1988). See also Bonanza Int'l, Inc. v. Corceller, 480 F.2d 613 (5th Cir. 1973) (default judgment upheld where defendant failed to file an answer for nearly eleven months after the deadline and defendant refused to obey the court's orders); Leon B. Rosenblatt Textiles, Ltd. v. Griseto, 1999 U.S. Dist. LEXIS 14519 (S.D.N.Y. Sept. 22, 1999) (granting default judgment against defendant who "twice wilfully refused to comply with Court orders").

III. The Facts Of This Case Do Not Merit Entry Of A Default Judgment Against The United States

This case is not an "extreme" one deserving of the "drastic step" of default judgment. The facts of this case, as attested to above by officials of the Postal Service, reveal that the

defendant's delay in responding to the complaint in this case was solely the result of a letter lost in the mail, a letter that was meant to advise the Postal Service to assume responsibility for the case. Thus, defendant's delay in responding to the complaint was the result of an inadvertent and excusable delay. It was not the result of "willful violations of court rules, contumacious conduct, or intentional delays" perpetrated by the defendant. In fact, once the Postal Service Law Department became aware of this case and the defendant's overdue response, it acted quickly by immediately entering a notice of appearance and taking measures to defend the case. Moreover, since the Postal Service learned of this case on May 11, 2005, it has assiduously complied with the Court's orders, as evidenced by this response to the show cause order, the simultaneous submission of an answer to the complaint, and defendant's preparation for and substantive participation in the Court-ordered ADR conference on June 8, 2005. Therefore, based upon its conduct in this case, defendant's actions do not merit the imposition of the drastic remedy of a default judgment.

IV. The Rules Of The United States Court Of Federal Claims Preclude The Imposition Of A Default Judgment Against The United States

If, however, the Court rules that defendant's conduct does not preclude imposition of a default judgment against the United States, defendant respectfully contends that Rule 55(b) of the Rules of the United States Court of Federal Claims ("RCFC") precludes the entry of a default judgment, and requires that plaintiff prove its claim against the Government. RCFC 55(b) provides that "[no] judgment by default shall be entered unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." This rule, which was amended in 2002 to broaden its application to all parties before the Court, nevertheless preserves the right of the United States, as contained in predecessor rules to RCFC 55, not to be subject to the entry of a

default judgment, even if the United States government fails to plead or otherwise defend within the time periods allotted to do so, except upon a hearing establishing the plaintiff's claim.

In construing Rule 55(e), the predecessor to RCFC 55(b), this Court held that Rule 55(e) limited the Court's ability to enter default judgment against the United States. Favell v. United States, 27 Fed. Cl. 724, 751 (Ct. Cl., 1992). "Rule 55(e) states: 'No judgment by default shall be entered against the United States unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Id. (citing Ater v. United States, 6 Cl. Ct. 344 (1984), aff'd without op., 770 F.2d 182 (Fed. Cir. 1985). Thus, in "substantially all of the cases where a default judgment has been sought against the United States for failure to comply with a court order, the courts have steadfastly required private litigants to establish their prima facie case before granting a judgment by default." Favell, 27 Fed. Cl. at 751 (citing Klapprott v. United States, 335 U.S. 601, 611 (1949); King v. United States, 31 Ct. Cl. 304, 305-306 (1896); Marziliano v. Heckler, 728 F.2d 151 (2nd Cir. 1984); 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2702, at 543-548 (1983).

Thus, if the Court should hold the United States in default for its untimely response to the complaint, the Court may not impose a default judgment on the United States, but must first require plaintiffs to establish their claim or right to relief by evidence satisfactory to the Court, and allow defendant the opportunity to defend as to the merits of the plaintiffs' claim as if a default had never occurred.

## CONCLUSION

For the reasons discussed above, the Court should deny plaintiffs' motion for judgment by default against the United States, or, alternatively, if the Court should hold defendant in default, the Court should require plaintiffs to establish their claim or right to relief by evidence satisfactory to the Court.

Respectfully Submitted,
/s/Michael Francis Kiely

Michael Francis Kiely
Commercial and Appellate Litigation
Law Department
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
Telephone: (202) 268-4037
Facsimile: (202) 268-5287
E-mail Michael.F.Kiely@USPS.GOV

Date: June 10, 2005