**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **EDWARD KEETER and KEETER TRADING COMPANY, INC., Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-243C (Judge Bush)** |
| **THE UNITED STATES, Defendant.** | ) | |

**DECLARATION OF LORI J. DYM**

1. My name is Lori J. Dym. I am the Chief Counsel for Commercial and Appellate Litigation within the Civil Practice section of the United States Postal Service Law Department. I have personal knowledge of the matters set forth in this declaration.

2. In my capacity as Chief Counsel, I directly supervise several attorneys who are involved in litigation for the Postal Service, both at the trial level and appellate level in courts all across the country, including the United States Court of Federal Claims.

3. As Chief Counsel, I regularly review all written communications, such as opinions, orders, and correspondence, that come into this office to the attorneys that I supervise. All such documents are channeled through me before they are distributed to the attorneys. Once I have reviewed such a document, it is my practice to hand-deliver the document to the appropriate attorney and, if necessary, to discuss with the attorney the significance of the document and what action needs to be taken.

4. The Commercial Litigation Branch of the Civil Division of the Department of Justice regularly delegates to this office cases filed at the Court involving the Postal Service in which the amount in controversy does not exceed $250,000. It is my regular practice, whenever the Department of Justice so delegates a case to the Postal Service, to review the delegation letter

and the complaint, to assign the case to an attorney, and to give the delegation letter and the complaint to my administrative assistant, Thomas P. Irwin, for processing. Mr. Irwin then enters the case into the Postal Service's internal case management system, known as WiLDCATS, and creates a file folder for the attorney assigned to the case.

5. On or about May 11, 2005, one of the attorneys that I supervise, Michael F. Kiely, brought to my attention the Court's show-cause order in this case, dated May 6, 2005, that he had received on that day, i.e., May 11, by facsimile transmission from the Department of Justice together with an inquiry as to what was happening. This was the first time that I learned of this case. It had not been entered into our WiLDCATS system, no attorney had been assigned to it, and, consequently, we had taken no action on it. I am fully confident that had the Department of Justice's delegation letter been received by this office, I, in accordance with my usual practice, would have reviewed the letter, would have assigned the case to an attorney, would have given the case to Mr. Irwin for it to be entered into our WiLDCATS system, and, quite likely, would have briefly discussed the case with the assigned attorney. Because none of this occurred and because I have no recollection at all of receiving this delegation from the Department of Justice, I am certain that, for whatever reason, the Department of Justice letter delegating this case to the Postal Service was never received by this office.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on June 6, 2005.

Lori J. Dym
Chief Counsel
Civil Practice
Law Department
United States Postal Service