# In the United States Court of Federal Claims

No. 05-243 C

(Filed July 29, 2005)

* * * * * * * * * * * * * * * * * * * * *
EDWARD KEETER and KEETER TRADING COMPANY, INC., *

*Plaintiffs*, *

v. *

THE UNITED STATES, *

*Defendant*. *
* * * * * * * * * * * * * * * * * * * * *

## ORDER

Plaintiffs, Mr. Edward Keeter and Keeter Trading Company Inc., filed a complaint on February 22, 2005. Defendant failed to file its answer by the required date of April 25, 2005, and as a result, plaintiffs filed a motion for default judgment on April 29, 2005. Accordingly, on May 17, 2005, this court ordered the government to show cause for the delay. The government complied with this motion in a timely fashion, and on June 10, 2005, filed both defendant's answer and defendant's response to show cause order.

The Rules of the United States Court of Federal Claims (RCFC) and the Federal Rules of Civil Procedure provide that "[n]o judgment by default shall be entered unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." RCFC 55(b).[1] Accordingly, courts have repeatedly

---

[1]/ RCFC 55(b) incorporates its predecessor, RCFC 55(e). RCFC 55(e) states that: "No judgment by default shall be entered against the United States unless the claimant establishes a

required private litigants to establish their prima facia case before granting a judgment by default against the United States. *See e.g., Klapprott v. United States*, 335 U.S. 601, 611 (1949); *Ater v. United States*, 6 Cl. Ct. 344, 347 (1984); *Marziliano v. Heckler*, 728 F.2d 151, 158 (2d Cir. 1984). This court is bound by the plain meaning of the language of RCFC 55(b). As a result, plaintiffs' motion for default would essentially require a ruling on the merits. *Osberg Constr. Co. v. United States*, 3 Cl. Ct. 652, 655 (1983). Plaintiffs have not yet established a right to relief. Therefore, this court cannot enter a default judgment at this time.

Moreover, even if this court could enter a default judgment, such an action is not warranted in the case at bar. Judgment by default is a drastic step which should only be used in the most extreme cases. *Infor. Sys. and Networks Corp. v. United States*, 994 F.2d 792, 796 (Fed. Cir. 1993) (citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). An entry of default judgment is not appropriate if a party's actions constitute "excusable neglect." *Id.* When ruling on the issue of "excusable neglect" the court should consider three factors: (1) whether the defaulting party has a meritorious defense; (2) whether culpable conduct led to the default; and (3) whether the non-defaulting party will be prejudiced. *Id.* at 795.

Defendant's conduct constitutes excusable neglect. The government states that the U.S. Postal Service never received a delegation letter from the Department of Justice. Resp. at 2. Apparently this letter was "lost in the mail." *Id.* at 4. As a result, defendant's counsel was not aware of the case until the Postal Service received the show cause order. *Id.* at 2. The government has submitted sworn affidavits attesting to these facts. This amounts to a meritorious defense. The government's conduct cannot be considered blameworthy or culpable. Defendant has not engaged in willful violations of court rules, contumacious conduct, or the creation of intentional delays. Rather, upon receiving notice of the show cause order, defendant promptly filed a response, as well as an answer to plaintiffs' complaint. These two factors more than outweigh the relatively minor prejudice plaintiffs will face should the case be allowed to continue.

---

claim or right to relief by evidence satisfactory to the court." RCFC 55(e). The amendment expanded the application of this language to all parties before the court. Therefore, cases concerning Rule 55(e) can be held to apply to Rule 55(b), unless they concern the exclusion of private parties from the rule's coverage.

Plaintiffs have failed to establish their claim, which is a prerequisite to entry of default judgment. Moreover, defendant's failure to answer was the result of excusable neglect. Accordingly, it is hereby **ORDERED** that plaintiffs' Motion for Default Judgment, filed April 29, 2005 is **DENIED** and the government's answer is deemed filed as of the date of its submission to the court.

s/ Lynn J. Bush
LYNN J. BUSH
Judge

cc:
Judge Marian Blank Horn
ADR Judge