# In the United States Court of Federal Claims

No. 05-243 C

(Filed August 10, 2006)

* * * * * * * * * * * * * * * * * * * * * *
EDWARD KEETER and *
KEETER TRADING COMPANY, *
INC., *
*
*Plaintiffs*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Plaintiffs, Mr. Edward Keeter and Keeter Trading Company, Inc., filed their complaint on February 22, 2005. On June 10, 2005, defendant filed its answer to plaintiffs' complaint. Pursuant to Appendix A, § 4 of the Rules of the United States Court of Federal Claims (RCFC), no later than forty-nine days after the filing of defendant's answer, the parties were required to file with the clerk a Joint Preliminary Status Report (JPSR). Hence, the parties' JPSR was originally due to have been filed on or before August 1, 2005. However, the court did not receive any filing from the parties.

Accordingly, on August 29, 2005, the court issued an order directing the parties to file their JPSR by September 23, 2005. Once again the parties failed to respond to the court's order. On January 24, 2006, the court issued an order directing the parties to file their JPSR on or before February 21, 2006 and advised the parties that absent extraordinary circumstances no further extensions of time would be permitted for this filing. As of the filing of this order, the court has not received any filings in the subject matter.

Despite these repeated instructions and warnings from the court, the parties have disregarded this court's rules for filing documents, such as motions for enlargements of time, and have missed every filing deadline set for the parties' JPSR. The court cannot continue to excuse the parties' lack of diligence, especially considering the amount of time that has passed with no word from defendant or plaintiff as to why the JPSR filing deadlines were missed. Despite the fact that neither party has responded to the court-imposed deadline for filing the JPSR, the court is constrained to point out that, at this juncture, plaintiffs carry the burden of moving forward. Plaintiffs filed the complaint in this case, and it remains their burden to prove their case and not permit it to languish on the court's docket.

Accordingly, plaintiffs are hereby **ORDERED** to **SHOW CAUSE** why the complaint should not be dismissed for failure to prosecute, pursuant to RCFC 41(b). Dismissal under Rule 41(b) would be with prejudice and "operates as an adjudication upon the merits." RCFC 41(b). Because the court's Order of January 24, 2006 stated that "no further extensions of time shall be permitted for this filing absent extraordinary circumstances," plaintiff's response to this show cause order shall be **FILED** on or before **August 31, 2006** and the court will not entertain a motion to enlarge this deadline absent extraordinary circumstances.

s/ Lynn J. Bush
LYNN J. BUSH
Judge

cc:
Judge Marian Blank Horn
ADR Judge