IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EDWARD KEETER AND
KEETER TRADING COMPANY, Inc. PLAINTIFFS

v. No. 05-243C
(Judge Horn)

UNITED STATES OF AMERICA DEFENDANT

ANSWER TO SHOW CAUSE ORDER

Now comes the Plaintiffs, Edward Keeter and Keeter Trading Company, Inc. by and through their attorney Christopher O'Hara Carter of the Law Offices of Christopher O'Hara Carter and for their Answer to Show Cause state to the Court:

1. That the Plaintiffs filed this action on February 22, 2005 .
2. That the Court issued an order directing the parties to file a Joint Preliminary Status Report by September 23, 2005.
3. That the Plaintiffs filed a bankruptcy in the Western District of Arkansas on or about August 1, 2005. The automatic stay brought this action to a halt and the lawsuit became property of the estate at the time the Bankruptcy Petition was filed. See United States v. Whiting Pools, Inc. 462 U.S. 198, 205 n.9, 103 S.Ct. 2309, 2314 n.9, 76 L.Ed.2d 515 (1983). The Trustee of the bankruptcy Court becomes the real party in interest. The parties discussed this matter with this Court's clerk because it is less than clear under the law how one should proceed.
4. That the parties were aware, and discussed between themselves Neville v. Harris, 192 B.R. 825 which largely stands for the proposition that if a trustee intends to abandon the

claim it should be done in writing. Despite the efforts of Mr. Colton who talked to the trustee and attempted to contact the debtor's attorney and Mr. Carter who talked to the debtor's attorney, no direction was given to any party and no abandonment of the claim was filed nor did the trustee enter an appearance before this Court.

5. That the plaintiff notified the undersigned on December 12, 2005 he received a discharge, but the trustee made no written directions. Apparently at the meeting of creditors she abandoned the claim with the instructions to the debtor that if he received more than $10,000.00 he would have to file a petition to reopen the bankruptcy so she could pay certain debts.

6. That the parties have tried to obtain guidance in writing to no avail.

7. That the parties received the Court's order directing the parties' to file a JPSR on or about February 21, 2006 and Mr. Colton sent an email that reads in part:

I don't see much in the way of disputed facts here, so if it must continue it looks to me like a summary judgment case. Thoughts? My own schedule is pretty hideous over the coming months, not to mention trying to put together China trip with kids for the summer. So, what do you propose?

8. The plaintiff's responded as follows:

I agree it is a summary judgment type case. I think we can stipulate facts, contracts, etc. The only area we might be in disagreement is that you told me early on that the postal persons in Dallas can explain in some detail the policy. I see it as basic contract vs. policy. If they could put it in affidavit form we could probably agree to it.

Chris Carter

9. That the defendants sent the following email which read in part:

Chris:
I will get someone in Dallas to write down what they told me before, assuming they still remember.

10. That the attorneys agreed that the Plaintiff's complaint essentially set out the facts, but the USPS wanted to more fully explain its reasoning and interaction with the plaintiff through their Dallas office. Reminders on this matter were sent March 3, March 6, March 14, May 22, May 23, and June 29. Mr. Colton was in Europe for much of this summer.
11. That after the Court issued its order the USPS has obtained drafts of statements and in good faith forwarded them to the plaintiff and the plaintiff recognizes that these documents are drafts and not the final product.
12. That the plaintiff concedes that his bankruptcy and the uncertainty of that status allowed the case to languish on the Court's docket until February, 2006 but believes he has made a good faith effort to complete a JPSR so that the case may be decided upon joint motions for summary judgment.

WHEREFORE the Plaintiffs pray that the Court grant the Plaintiffs have acted in good faith to complete a JPSR without the necessity of a trial and that any delays should be attributed to the defendant.

EDWARD KEETER and KEETER TRADING CO., Inc

/s/ Christopher O'Hara Carter
Plaintiff's Attorney
THE LAW OFFICES OF CHRISTOPHER O'HARA CARTER, P.A.

P.O. Box 300
Yellville, AR 72687-0300
Tel: 870-449-2100
Fax: 870-449-2105
carterlaw@yellville.net