**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**No. 05-243 C**

| | | |
|---|---|---|
| ************************* | ) | |
| EDWARD KEETER and | ) | |
| KEETER TRADING COMPANY, INC., | ) | |
| *PLAINTIFFS* | ) | **CASE 1:05-CV-00243-LJB** |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| *DEFENDANT* | ) | |
| ************************* | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S**
**ANSWER TO ORDER TO SHOW CAUSE**

Defendant the United States of America (the U.S. Postal Service, or "USPS") hereby responds to the Court's Order of August 31, 2006, requiring that it reply to Plaintiffs' *Answer* (the *"OSC Answer*") to the August 10, 2006 *Order to Show Cause* (the "*OSC*") why the Complaint should not be dismissed for failure to prosecute. Defendant states and avers as follows:

1. Defendant accepts without material dispute the descriptions of events set out in paragraphs 1 through 9 of the *OSC Answer*.

2. Defendant generally accepts the description of events set out in paragraph 10 of the *OSC Answer*, but disagrees with some of the allegations in the Complaint. The undersigned counsel for Defendant notes that while he did travel extensively from April into July of 2006 (including to China), he was not in Europe at all nor out of the country for "most of that time." He was out of his office and committed to other matters for much of that period.

3. Defendant accepts the descriptions and characterizations of events set out in paragraphs 11 and 12 of the *OSC Answer*. The undersigned made repeated attempts to obtain information from both Plaintiffs' bankruptcy counsel and the appointed Trustee for that bankruptcy, but received no cooperation or useful information about the status of this action.

4. The Postal Service office involved in this dispute is the Southwestern District Distribution Networks Office, in Dallas, Texas (the "SWDNO"). The SWDNO is responsible for, *inter alia,* procuring trucking services for the USPS district that includes Louisiana, and was for months greatly burdened with problems in the aftermath of Hurricane Katrina. Counsel's requests to that office for assistance on various matters often could not be given prompt attention. This disruption extended into the Spring of this year.

5. Counsel have engaged in discussion of the factual and legal issues in this case, both prior to and since issuance of the *OSC,* including voluntary exchanges of information. Plaintiffs have not given any indication of abandoning prosecution of this case. Counsel have agreed to cooperate in conducting informal discovery. They anticipate that they will stipulate to material facts and then submit this matter for resolution without requiring a trial.

6. The undersigned acknowledges that inactivity in this matter has been as much his responsibility, and Defendant's, as it has been Mr. Carter's. Much of the delay arose from Plaintiffs' bankruptcy and other disruptive events unrelated to this case.

7. Defendant believes that Mr. Carter has at all times acted in good faith, and has not sought delay in this matter. Defendant cannot in good conscience ask for dismissal of the Complaint for failure to prosecute.

September 15, 2006

Respectfully submitted:

s/ **DOUGLAS J. COLTON**

DOUGLAS J. COLTON
U.S. POSTAL SERVICE
475 L'Enfant Plaza, SW
Room 6323
Washington, DC 20260-1127
Tel: (202) 268-6408
Fax: (202) 268-5287
*douglas.j.colton@usps.gov*

**COUNSEL FOR DEFENDANT**
**THE UNITED STATES POSTAL SERVICE**