# In the United States Court of Federal Claims

No. 05-243 C

(Filed September 19, 2006)

* * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| EDWARD KEETER and | * |
| KEETER TRADING COMPANY, | * |
| INC., | * |
| | * |
| *Plaintiffs,* | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| *Defendant.* | * |

* * * * * * * * * * * * * * * * * * * * *

**ORDER**

Plaintiffs, Mr. Edward Keeter and Keeter Trading Company, Inc., filed their complaint on February 22, 2005. On June 10, 2005, defendant filed its answer to plaintiffs' complaint. Pursuant to Appendix A, ¶ 4 of the Rules of the United States Court of Federal Claims (RCFC), no later than forty-nine days after the filing of defendant's answer, the parties were required to file a Joint Preliminary Status Report (JPSR) with the Clerk. Hence, the parties' JPSR was originally due to have been filed on or before August 1, 2005. However, the court did not receive any filings from the parties.

Thereafter, the court issued orders directing the parties to file their JPSR, setting deadlines of September 23, 2005 and then February 21, 2006. Receiving no response, the court issued an order requiring plaintiffs to show cause why the complaint should not be dismissed for failure to prosecute, pursuant to RCFC 41(b). On August 31, 2006, plaintiffs filed an Answer to the court's Show Cause Order of August 10, 2006. On September 15, 2006, defendant filed Defendant's Reply to Plaintiff's Answer to Order to Show Cause. From these filings, the court understands that the parties are in communication about the legal issues presented

by this action, and that summary dismissal is not appropriate at this time.

Plaintiffs report that plaintiffs filed for bankruptcy in the United States District Court for the Western District of Arkansas on or about August 1, 2005. Pls.' Answer at 1. Plaintiffs allege that they have received a discharge from bankruptcy, but it is unclear whether the claim in the subject matter remains in the bankruptcy estate or has been abandoned by the bankruptcy trustee. *Id.* at 2. Although plaintiffs' bankruptcy proceedings may eventually affect this litigation, at this juncture the court has not been apprised of an immediate impediment to its consideration of plaintiffs' claims.[1] In furtherance of Rule 1 of the Rules of the United States Court of Federal Claims (RCFC), therefore, the court must act "to secure the just, speedy, and inexpensive determination of [this] action." *Id.*

Pursuant to RCFC Appendix A, ¶ 4, the parties must file with the Clerk a Joint Preliminary Status Report (JPSR). Although much time has passed since the JPSR was originally due to have been filed in the subject matter, a JPSR is still needed to formalize, among other issues, the parties' proposed schedule for discovery. In this case, particular attention should also be paid to Appendix A, paragraphs 4(d) and (f), to provide the court with as much information as possible as to status of plaintiffs' bankruptcy proceedings and the role of the bankruptcy trustee, if any, in this matter. Copies of any court papers, correspondence or docket sheets that would enlighten this court as to the legal relationship of the bankruptcy trustee to plaintiffs' claims should be attached to the JPSR and explained by the parties, to the best of their abilities.

---

[1]/ Plaintiffs before this court in similar circumstances have encountered standing problems. *See, e.g.*, *Aldridge v. United States*, 59 Fed. Cl. 387, 389 (2004) ("The effect of bankruptcy is that 'all legal and equitable interests of the debtor' become part of the bankruptcy estate to be disposed of by the trustee in accordance with the bankruptcy laws." (citing 11 U.S.C. § 541)); *Mobility Sys. & Equip. Co. v. United States*, 51 Fed. Cl. 233, 236 (2001) ("The key is whether the trustee had full disclosure so that knowing abandonment of the property could be made.").

Accordingly, it is hereby **ORDERED** that the parties shall **FILE** their **Joint Preliminary Status Report** on or before **October 20, 2006**.

s/ Lynn J. Bush
LYNN J. BUSH
Judge

cc:
Judge Marian Blank Horn
ADR Judge