IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EDWARD KEETER AND
KEETER TRADING COMPANY, Inc. PLAINTIFFS

v. No. 05-243C
(Judge Horn)

UNITED STATES OF AMERICA DEFENDANT

JOINT PRELIMINARY STATUS REPORT

Now comes the Plaintiffs, Edward Keeter and Keeter Trading Company, Inc. by and through their attorney Christopher O'Hara Carter of the Law Offices of Christopher O'Hara Carter and Douglas J. Colton for the United States of America (the United States Postal Service, or "USPS") and for their JPSR state to the Court:

**(a) JURISDICTION**: There is no dispute that jurisdiction under 41 U.S.C. 605 and 41 U.S.C. 609(a)(1) arising out of the Contract Disputes Act of 1978 (41 U.S.C. 601-613.

**(b) RELATED CASES**: none

**(c) BIFURCATION OF LIABILITY AND DAMAGES**: The parties agree that if they fully reach a set of stipulated facts the court can first determine liability, if any, or dismiss the claim. If liability becomes an issue that may require a separate hearing.

**(d) DEFERMENT**: Not at the point. The plaintiff filed a chapter 7 bankruptcy and received a discharge. The trustee at the 341(a) meeting informed him he can keep the first $10,000.00 of any award. The trustee has not reduced this to writing and the plaintiff received a discharge. Pursuant to the Court's instructions a copy of the bankruptcy file is on its way to the Court.

**(e) REMAND**: No need for a remand or further suspension of this matter.

**(f) ADDITIONAL PATIES**: None are anticipated or expected

**(g) MOTIONS UNDER RULE 12 OR RULE 56**: If the parties stipulate to the facts it is anticipated that the USPS will move for summary judgment under Rule 56 within 30 days of the stipulated facts on the basis that it was the plaintiff breached the HCR contract on his postal route by refusing to deliver the mail and as a result is entitled to no relief.

**(h) FACTUAL AND LEGAL ISSUES**: While the parties' are "fine tuning" the actual language of their stipulated facts, in a nutshell the parties agree that on July 1, 2002 the plaintiff was awarded a Highway Contract Route (HCR) in Marion County, Arkansas out of the Yellville Post Office. In December, 2003 the plaintiff refused to accept a change to his route because it would add 52 boxes even though he passed those boxes every day in traveling to the beginning of his contracted route. Using the contract formula the plaintiff believes the route would add over $2,500.00 in additional compensation to his contract and was a major change under the terms of his contract thus requiring his approval in writing. The postal service, having been informed by the Yellville postmaster that the plaintiff was already being overpaid by one-half hour per day, calculated the change as an insignificant change. When the change order went into effect on January 24, 2004 Keeter refused to deliver the extra 52 boxes. This remained his position and continued every day until February 20, 2004 when the contract was terminated. Without addressing any of the issues sought by Keeter the Southwest Office of the USPS denied his appeal because he refused to deliver the mail.

a. The first issue that is before the Court concerns whether there is a difference in major/minor changes. Clause B-67 of the contract describes minor changes as less than $ 2,500 and major changes greater than $2,500. For major changes the contract states "Other Service Changes. Service changes, other than minor service changes, including increases or decreases in compensation, may be made by mutual agreement of the contracting officer and the supplier. Such changes shall be memorialized by formal amendment to the contract. The plaintiff takes the position that the change was a major change and he did not agree to it. THE USPS takes the position that the change was a minor change, but even if it were deemed a major change that is irrelevant because the plaintiff did not deliver the added boxes and under section H.8.d the plaintiff failed to comply with all service changes pending dispute resolution. The plaintiff takes the position that provision only applies to minor changes.

b. Should the court determine as issue exists with regard to section (h)(a) above then the next issue is purely one of contract law. The postmaster of Yellville determined that the plaintiff was paid for an hour to run from Summit, AR to Peel, AR when it should have been 30 minutes. Taking these figures into account the USPS determined that the contract, while adding some time to the route, was not a major change. The plaintiff takes the position that he signed a contract and certain figures were provided by the USPS including 1 hour from Summit to Peel for the contract and there exists no mechanism for the USPS to unilaterally change the time stated in the contract to reduce its value.

c. The third issue, should the first two be resolved in the plaintiff's favor, is whether, considering all the facts, the changes by the USPS are major or minor. The parties' agree that for the plaintiff to prevail before this court and even discuss damages he must convince the court he is correct on all three (3) propositions. If he does not prevail on any one of the three then the case should be dismissed.

**(i) LIKELIHOOD OF SETTLEMENT:** The parties have discussed this case for a year and a half. Each party is thoroughly convinced they are correct and there is very little likelihood of settlement. However the chance of the case being disposed of with stipulated facts and submitted evidence is extremely high and the parties would anticipate this could be accomplished by December 22, 2006.

**(j) TRIAL:** The parties believe they can stipulate all the facts and have been working on a draft to submit to the Court. The USPS is anticipating a deposition of the plaintiff and with that submission, the stipulated facts and documents in is highly unlikely that a formal trial will be necessary. With the chance of this case being disposed of with stipulated facts and submitted evidence is extremely high the parties would anticipate this could be accomplished by December 22, 2006.

**(k) DISCOVERY AND EXPERTS:** Neither party anticipates calling any experts. The USPS desires to take the deposition of the plaintiff by telephone and the parties anticipate that to be accomplished within 4 weeks or by November 13, 2006. If the stipulated facts and documents are completed by November 20, 2006 together with the plaintiff's deposition it is anticipated that each party will move for summary judgment on the issue of liability by December 22, 2006.

EDWARD KEETER and KEETER TRADING CO., Inc

/s/ Christopher O'Hara Carter
Plaintiff's Attorney
THE LAW OFFICES OF CHRISTOPHER O'HARA CARTER, P.A.
P.O. Box 300
Yellville, AR 72687-0300
Tel: 870-449-2100
Fax: 870-449-2105
carterlaw@yellville.net

/s/ Douglas J. Colton

DOUGLAS J. COLTON
U.S. POSTAL SERVICE
475 L'Enfant Plaza, SW
Room 6323
Washington, DC 20260-1127
Tel: (202) 268-6408
Fax: (202) 268-5287
Douglas.j.colton@usps.gov