# In the United States Court of Federal Claims

No. 05-243 C

(Filed February 15, 2007)

* * * * * * * * * * * * * * * * * * * * * *
EDWARD KEETER and *
KEETER TRADING COMPANY, *
INC., *
*
*Plaintiffs*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

On February 4, 2007, defendant filed an Application for Leave to File Summary Judgment Motion Out of Time. That application was granted, and defendant was ordered to electronically resubmit its Motion for Summary Judgment, as a separate document, upon receipt of the court's order. On February 10, 2007, counsel for the government resubmitted the Motion for Summary Judgment electronically.

Defendant has now utilized the proper method by which to submit its motion for summary judgment in this electronic case. However, the government's motion, in its current form, fails to conform with Rule 56 of the Rules of the United States Court of Federal Claims (RCFC). RCFC 56(h)(1) provides, specifically, that a party moving for summary judgment must submit, along with its substantive motion, "a separate document titled Proposed Findings of Uncontroverted Fact." Here, defendant included proposed findings of fact in its motion, but did not submit those proposed findings as a separate document. In addition, the government's brief cites an Appendix to the Motion for Summary Judgment, but that Appendix was not included in the electronic filing.

Defendant's motion also fails to comply with the substantive requirements of Rule 56, which states clearly that a motion for summary judgment shall be granted if

> there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.

RCFC 56(c). In this instance, defendant's briefing in support of its motion does not address the specific factual disputes between the parties in a manner which informs the court's consideration of legal questions presented by plaintiffs' complaint. The motion also fails, in large part, to cite any decisions from the Court of Federal Claims, its predecessor, or the United States Court of Appeals for the Federal Circuit. The court takes this opportunity to admonish defendant's counsel that the legal authorities cited in briefing to this court should be specifically tailored to that law which serves as precedent for and is binding upon the United States Court of Federal Claims. While decisions from other courts and administrative bodies are appropriate for consideration in this forum, it is that law which is binding upon this court which will ultimately resolve the merits of the pending motion. Counsel's reliance upon decisions issued by the United States Postal Service Board of Contract Appeals may be helpful and indeed, in many instances, instructive. However, to rely almost exclusively upon those decisions is not appropriate in this court unless there are no precedential cases on point which may be cited.

The United States Post Office is, of course, entitled to represent itself in this matter, in lieu of obtaining counsel from the United States Department of Justice. Counsel for the Post Office is advised, however, that he will be held to the same standards of quality which are imposed on counsel for the Department of Justice when litigating in this court. If counsel for the Post Office would benefit from consultation with lawyers from the Department of Justice regarding the conventions for filing and the content of briefing in the Court of Federal Claims, counsel is advised to obtain that advice immediately.

Because the United States' current Motion for Summary Judgment does not comply with RCFC 56, it shall be stricken from the record. Defendant is ordered to electronically file a new motion, under that rule, in a manner which complies

with the procedural and substantive requirements thereof on or before March 19, 2007. Any appendix or other evidence offered in support of the motion shall be filed electronically at the same time. The parties are advised that all future filings under RCFC 56 must comply with the requirements regarding proposed findings of uncontroverted fact and responses thereto, and that all motions and responses must be filed concurrently with supporting evidence.

The court also notes that it recently received paper copies of the United States' original Application for Leave to File Summary Judgment Motion Out of Time, the attached Motion for Summary Judgment, and the related Appendix. Because this matter has been designated as an electronic case, no paper filing of those documents is necessary or appropriate. Accordingly, those paper filings will be returned to defendant.[1] All future filings in this case, including but not limited to additional briefing and any accompanying appendices, must be filed electronically only, unless otherwise ordered by the court.

Accordingly, it is hereby **ORDERED** that

(1) The Clerk's office is directed to **STRIKE** Defendant's Motion for Summary Judgment (docket entry #28), filed February 10, 2007, from the docket;

(2) The Clerk's office is directed to **RETURN** Defendant's Application for Leave to File Summary Judgment Motion Out of Time including a copy of Defendant's Appendix, received by the Clerk's office on February6, 2007, to defendant, **UNFILED**, for the above stated reasons;

(3) The Clerk's office is directed to **RETURN** the Appendix to Defendant's Motion for Summary Judgment (3 copies), received by the Clerk's office on February 13, 2007, to defendant, **UNFILED**, for the above stated reasons; and

---

[1]/ For ease of reference, chambers will retain one courtesy copy of defendant's corrected Appendix. If, in drafting a renewed motion for summary judgment, the government finds it necessary to alter the Appendix in any way, defendant is directed to deliver a courtesy paper copy of the updated Appendix to the chambers of the undersigned by the close of business on the day the renewed motion for summary judgment is filed.

(4) Defendant shall **FILE** its new RCFC 56 motion, on or before **March 19, 2007**, in compliance with the aforementioned procedural and substantive requirements.

/s/Lynn J. Bush
LYNN J. BUSH
Judge

cc:
Judge Marian Blank Horn
ADR Judge