IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**No. 05-243 C**

| | | |
|---|---|---|
| ************************** | ) | |
| EDWARD KEETER and | ) | |
| KEETER TRADING COMPANY, INC., | ) | |
| *Plaintiffs* | ) | **Case 1:05-cv-00243-LJB** |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| *Defendant* | ) | |
| ************************** | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT[1]**

1. In 2002, USPS awarded to plaintiff Keeter, Inc. ("KI"), an Arkansas corporation, a contract (hereafter "the Contract") to service its HCR Route No.72665 ***R 6***

2. The President and sole owner of KI was Mr. Edward L. Keeter ***R 3, 4***

3. The Contract's stated term commenced on July 1, 2002, and would run until June 30, 2006. ***R 6, 7***

4. The Contract procured the services of KI to deliver mail to residential mail boxes along the route in Marion County, Arkansas, described in its Statement of Work, and to perform associated duties. ***AP 27-29***

5. The administrative place of performance for the Contract was the Post Office in Yellville, Arkansas, where the Contract route started and ended. ***AP 40-41***

6. The Administrative Official for the Contract was the Postmaster for Yellville, Arkansas. ***AP 41***

[1] Citations are to defendant's APPENDIX IN SUPPORT OF R. 56 MOTION ("***AP n***"), and to specific Requests ("***R n***") in DEFENDANT'S REQUESTS FOR ADMISSION (FACTS V2), at ***AP 1-8***

7. On December 24, 2003 the C.O issued a Route Service Order ("RSO") amending the Contract to include within plaintiff's duties service for 52 additional residential mail boxes (the "AMBs"), with that service to begin on January 24, 2004. ***R 12***

8. The December 24, 2003 Contract amendment added 52 boxes to the approximately 250 boxes already specified for the route. ***R 12; AP 89***

9. The December 24, 2003 Route Service Order that added the AMBs to the Contract also adjusted plaintiff's compensation upward by $1,087.56 per year, effective January 24, 2004. ***R 12, 13, 14; AP 89***

10. By January 2, 2004, defendant had on one or more occasions informed that the Contract required KI to provide service to the AMBs, regardless of KI's preferences. ***R 15, 16, 17***

11. Multiple conversations occurred during January of 2004 between Keeter, speaking for KI, and representatives of the C.O., in the course of which KEETER repeatedly stated that KI would not service the AMBs. ***R 19, 20, 21; AP 117-118***

12. KI variously asserted that the specified additional pay for servicing the AMBs was insufficient, that the additional duties infringed Keeter's non-Postal business, and that the Contract did not require KI to provide service to the 52 additional boxes without KI's consent.. ***R 37, 38, 48, 51, 52; AP 116, 117-118, 119***

13. In communications with plaintiff during January and February, 2004, defendant repeatedly informed KI that it was obligated to provide service to the AMBs, and that failure to do so could result in termination of the Contract.
***R 49, 50, 16-27, 34, 35***

14. In communications with plaintiff during January and February, 2004, defendant repeatedly informed KI that failure by it to provide service to the AMBs could result in defendant deducting from payments to KI defendant's costs for arranging alternative servicing of the AMBs. ***R 20, 32, 33***

15. On January 24 and 27, 2004, KI was instructed by the Administrative Official at the Yellville Post Office that it must accept, sort, and deliver mail for the AMBs. KI acknowledged these instructions but did not comply with them, and performed none of those services.: ***R 28, 29; AP 103, 121***

16. At no time did KI accept, sort, or deliver mail addressed to the AMBs. ***R 43, 44, 45***

17. Defendant made alternative arrangements for servicing the AMBs, starting on January 24, 2004. Those services were provided by the Postmaster for Yellville, Arkansas, sometimes with assistance from clerks who worked at that facility. The Yellville Postmaster submitted to the DNO a claim for each day on which she provided that service. ***R 46, 47***

18. KI was required to attend a meeting with the A.O. on January 30, 2004 to discuss its refusal to service the AMBs. At that meeting, KI was again instructed that it must serve the AMBs or the Contract could be terminated.. ***R 30, 31, 32, 33, 34, 35***

19. On January 31, 2004, plaintiff sent a letter to USPS stating that it was not required to service the AMBs because its additional pay for doing so was inconsistent with the Contract, and that the amount that KI was entitled to receive ($2,798.60) was above the $2,500 threshold for a “major change” to the Contract that could not be made without its agreement. ***AP 117-118; R 37, 38***

20. KI stated that defendant was breaching the Contract by attempting to compel it to service the AMBs, because the Contract specified additional compensation for those services in excess of $2500 a year. KI asserted that modification of the Contract to include service for the AMBs was a “major change” of the Contract, and that defendant had no right to force KI to accept that change. ***R 48-50; AP 117-118***

21. On February 20, 2004, following plaintiff’s receipt of reduced payment, Keeter notified defendant, orally and in writing, that KI and Keeter had “*worked [their] last day for the United States Postal Service*” and would no longer provide any service at all under the Contract. ***AP 116***

22. KI did not accept or deliver any mail, or perform any of its duties specified in the Contract, on February 20, 2004 or on any day thereafter. ***R 40, 41, 42***

23. On March 10, 2004, KI submitted certified claims to the Contracting Officer. ***R 9***

24. On April 28, 2004, the C.O. issued a Final Decision terminating the Contract for default as of the close of business on February 20, 2004. ***R 10***

25. On April 28, 2004, the C.O. issued a Final Decision denying plaintiff's claims for damages and other relief. ***R 11***

26. The corporate charter of KI was revoked by the Arkansas Secretary of State on December 31, 2004, and was not reinstated until April 27, 2005. ***R 56, 57***

27. This action was filed on February 22, 2005.

March 20, 2007

Respectfully Submitted:

_*/s/ Douglas J. Colton*__

**DOUGLAS J. COLTON**

475 L'Enfant Plaza SW
Rm. 6323
Washington, D.C. 20260-1127
Tel. 202.268.6408
Fax. 202.268.5287
*douglas.j.colton@usps.gov*

**COUNSEL FOR DEFENDANT**