# In the United States Court of Federal Claims

No. 05-243 C

(Filed September 20, 2007)

* * * * * * * * * * * * * * * * * * * * *

KEETER TRADING COMPANY, INC.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.

* * * * * * * * * * * * * * * * * * * * *

## PRELIMINARY SCHEDULING ORDER

On August 31, 2007, the parties, pursuant to this court's order of July 19, 2007, filed their Joint Status Report. Therein, the parties reported to the court that they anticipate that this case will go forward to litigation with respect to the issues of bad faith and damages. To that end, counsel for the respective parties request that the parties first be permitted to take depositions in Yelville, Arkansas in September, 2007 and in Dallas, Texas in October 2007. The report states that depositions are to be completed by the end of October, exchanges of depositions by the end of November and the preparation of briefs shortly after the first of the coming year. The parties report that issues of damages and bad faith may be resolved by the submission of depositions accompanied by briefing. In addition to the submission of briefs, the parties also request that oral argument be held in Texas or Arkansas with the government reserving the right to call live witnesses on any "bad faith" issues before the court. Neither party anticipates the need to have expert witnesses.

On September 17, 2007, the court initiated a telephonic status conference call with counsel for both parties. Participating with the undersigned in the September 17, 2007 conference call were:

Christopher O'Hara Carter, attorney for the plaintiff
Douglas J. Colton, attorney for the defendant
Cheryl Mpande, law clerk

During the course of the conference call, counsel were informed that, contrary to their proposal to resolve the remaining issues of bad faith and contract damages by the filing of dispositive motions as supplemented by citations to deposition testimony and oral argument, the court has determined that it is necessary to hold an evidentiary hearing at least on the issue of bad faith, inasmuch as the undersigned must make credibility determinations about the testimony of witnesses for both sides. Counsel were further informed that if the parties were able to resolve all other matters concerning contract damages, the hearing could be restricted to the issue of bad faith, alone. In view of the fact that at least one party has expressed a desire to limit the trial to one day, the court strongly encourages the parties to come to an agreement on quantum, leaving the sole issue for resolution at trial to be whether or not there was bad faith on the part of the government.

If the parties cooperate, there is no reason that they cannot agree upon and calculate: (1) the sum which will be owed to plaintiff in the event that the court determines that the government acted in bad faith (*i.e.*, traditional breach of contract damages) and (2) the sum which will be owed to plaintiff if the court determines that the government did not act in bad faith toward plaintiff (*i.e.*, termination for convenience damages). Both sets of damages are basically formulaic in nature and readily subject to determination if counsel resolve to accomplish this task, thereby saving the resources of both the court and the parties.

During the course of the conference call, upon agreement by counsel and the court, it was also determined that trial shall be held in Little Rock, Arkansas, since that location appears to be best suited, considering the location of the witnesses, counsel and choice of potentially available courthouses. As a final matter, counsel's attention was drawn to the court's rules, specifically Appendix A, ¶¶ 13-18 and counsel were informed that the next conference call would be held, *inter alia*, to schedule the submission of the pretrial filings required under those provisions.

Accordingly, it is **ORDERED** that the parties' proposed schedule is **GRANTED** as follows:

(1) It is assumed that Initial Disclosures, pursuant to RCFC 26(a), have presumably occurred, but if not, shall promptly now occur.

(2) As previously stated, it is the expectation of the court that the parties shall mutually resolve the issues of damages without the need for trial on the matter of quantum. If not, the following pre-trial documents regarding damages are called for:

(a) For the damages disclosure required by RCFC 26(a)(1)(C) and, subsequently, exhibits proposed in accordance with Appendix A, ¶13(a), any and all items and figures from books of account or other records, which are to be introduced into evidence in this matter, and any calculations or estimates derived therefrom, shall be set forth on separate schedules or summaries and so provided and disclosed to opposing counsel during the discovery period;

(b) Any schedule or summary provided pursuant to paragraph (1)(a) shall be accompanied by a statement describing the source(s) for the items or figures listed (ledgers, journals, payrolls, invoices, checks, time cards, etc.), the location(s) of the source(s), the time, during the discovery period, when the source(s) may be examined or audited by the opposing party, the name and address of the person(s) who prepared each schedule or summary and who shall be made available to the opposing party during an examination or audit of the source material to provide information and explanations required for verification of the listed items or figures.

( c) Upon receipt of a schedule or summary pursuant to paragraph (1)(a), receiving counsel shall provide for an examination or audit of the source material by a person(s) qualified to present testimony and thereafter provide opposing counsel with a statement during the discovery period, admitting or denying the accuracy or admissibility of each schedule or summary (or portion thereof) submitted by opposing counsel, which statement shall address each item and figure submitted and reflect and set forth the results of the examination or audit of the source material from which the submissions were derived and shall set forth the reason(s) for any denial of accuracy as to specific items or figures, citing generally accepted accounting principles or regulations where applicable, and the reason(s) for any denial of admissibility as to specific items or figures, keyed to the applicable Federal Rule(s) of Evidence;

(d) Proposed trial exhibits exchanged pursuant to Appendix A,

¶ 13(a) shall include schedules setting forth *all* items and figures from books of account or other records, and calculations and estimates derived therefrom, which a party intends to introduce into evidence with appropriate identification of those specific scheduled items, figures, calculations and estimates thereon which, on the basis of pretrial examinations or audit and exchanges are contested as to accuracy or admissibility, so that evidentiary proceedings as to items and figures shall thereafter be limited to those identified as contested.

(3) All **fact discovery**, including production of documents, depositions, interrogatories and requests for admissions shall be **COMPLETED** on or before **October 31, 2007**. The parties have stated that they do not anticipate the need for expert witnesses; therefore, no discovery provisions have been made in that regard.

(4) This court and the parties have agreed that Little Rock, Arkansas, is the best location for the pending hearing and that, at a date, time, and place to be subsequently determined, trial will be scheduled there.

(5) A **Telephonic Status Conference** call shall be **HELD** on **November 15, 2007**, at **2:00 pm EST** wherein counsel shall inform the court of the status of proceedings in the case, and the extent to which the parties have determined whether any or all of the instant matter may be settled. Counsel shall also inform the court as to whether the parties have reached or anticipate reaching an agreement as to quantum, discussed *supra*.

/s/Lynn J. Bush
LYNN J. BUSH
Judge