# In the United States Court of Federal Claims

No. 05-243 C

(Filed December 13, 2007)

* * * * * * * * * * * * * * * * * * * * * *
KEETER TRADING COMPANY, INC., *
*
*Plaintiff,* *
*
v. *
*
THE UNITED STATES, *
*
*Defendant.* *
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

The court held a telephonic status conference with counsel for plaintiff and defendant on December 11, 2007 in Keeter Trading Company, Inc. (Keeter) v. United States. Participating with the undersigned in the teleconference were:

Christopher O. Carter, attorney for plaintiff;
Douglas J. Colton, attorney for defendant;
Cheryl Mpande, law clerk

Upon inquiry by the court, counsel for the respective parties reported that all discovery has been completed. Counsel also reported that progress has been made toward compliance with the post-discovery proceedings set forth in Appendix A, ¶¶ 13-18 of the court's rules; however, significant additional work remains to be completed. The court inquired with respect to progress made by the parties in stipulating to damages in this case. As previously stated, the sole matters to be determined at trial are whether the government engaged in bad faith actions with plaintiff in plaintiff's attempts to perform its contract and what damages will flow to plaintiff, *i.e.*, if defendant is found to have acted in bad faith, then breach of contract damages will be due to plaintiff; if defendant is found to have not acted in bad faith, then the only damages that will be due to plaintiff will be damages for

termination of the contract for the convenience of the government. Again, as previously stated in this court's September 20, 2007 Order:

> If the parties cooperate, there is no reason that they cannot agree upon and calculate: (1) the sum which will be owed to plaintiff in the event that the court determines that the government acted in bad faith (*i.e.*, traditional breach of contract damages) and (2) the sum which will be owed to plaintiff if the court determines that the government did not act in bad faith toward plaintiff (*i.e.*, termination for convenience damages). Both sets of damages are basically formulaic in nature and readily subject to determination if counsel resolve to accomplish this task, thereby saving the resources of both the court and the parties.

In regard to the foregoing, counsel informed the court that the parties have reached agreement with respect to calculation of termination for the convenience of the government damages and the court commended counsel on their efforts in that regard. Government counsel expressed some misgivings about achieving the same result for breach damages based upon the fact that neither he nor the contracting officer in this case have ever had any occasion to calculate damages for breach of contract before. Despite a professed unfamiliarity with the process of calculating breach damages by government counsel and the local contracting officer, the court has instructed the parties to take all steps necessary to achieve the objective set by the court. While the parties and the court have agreed to bifurcate the trial in order to have a hearing on the question of whether the government engaged in bad faith practices and, if necessary, have a subsequent determination on quantum based on the outcome of that trial, the court has instructed the parties to continue to move toward an agreed upon calculation of breach damages, which differ from termination for convenience damages basically by the inclusion of anticipatory or lost profits.

Counsel for plaintiff stated that he and government counsel have conferred and will prepare stipulations of fact as to the background and functions of witnesses who work for the United States Postal Service in order to save time during trial. Also, during the conference call, counsel for the respective parties initially indicated that agreement had been reached with regard to the admissibility

of all exhibits. Subsequently, however, when plaintiff's counsel alluded to a large number of pages of documents which he indicated were to be moved into evidence, defendant's counsel expressed surprise, stating that he was unaware that plaintiff intended to introduce between "300 to 500" pages of documents. Government counsel went on to state that while he had agreed to the authenticity of these documents and acknowledged that they had been relevant to plaintiff's overall case, he had not agreed that the voluminous documents produced during discovery were necessarily relevant to the limited issue of "bad faith" being tried. Government counsel stated that if this large number of documents were to be submitted, defendant would raise issues of relevance with regard to many of the documents. The court thereupon cautioned plaintiff's counsel about the need to ensure that only evidence addressing the issue of whether the government had engaged in bad faith practices should be proffered as exhibits in this trial.

The court instructs the parties to again discuss their exhibits with the objectives of winnowing out any evidence which is not relevant to the triable issue of bad faith and reaching agreement on the admissibility of those exhibits which are relevant. If any exhibits remain disputed, an objection to admissibility may be filed and each counsel is directed to submit brief statements as to whether and how the disputed exhibit is relevant to the issue at hand.[1] These objections and accompanying statements are to be included with the pretrial submissions due February 13, 2008.

Accordingly, it is hereby **ORDERED** that:

(1) The parties are directed to **FILE** with the court, by or before **February 13, 2008**, their witness lists, exhibit lists, any objections to exhibits or witnesses, all stipulations and admissions of fact, as well as the parties' memoranda of contentions of fact and law. *See* Appendix A, ¶¶ 13-18.

---

[1]/ In the event that objections other than relevance are raised, counsel shall also cite to the specific provisions of the Federal Rules of Evidence relied upon by counsel with regard to an objection to the admissibility of a document or with regard to why an objection should be overruled. The court further notes that no objections to the presentation of any witnesses have been raised by either counsel. In the event that any such objection is raised, counsel are instructed to engage in the same process described for disputes over documents.

(2) A **pretrial telephonic conference** call shall be **HELD** on **February 19, 2008**, at **2:00 p.m., eastern time**; and

(3) **Trial** shall be **HELD** on **April 23-24, 2008** in Little Rock, AR, at a time and location to be subsequently fixed.

/s/Lynn J. Bush
Lynn J. Bush
Judge