# In the United States Court of Federal Claims

No. 05-243 C

(Filed February 21, 2008)

* * * * * * * * * * * * * * * * * * * * * *
KEETER TRADING COMPANY, INC., *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

On February 19, 2008, the court held a telephonic pretrial conference with counsel in the subject matter. Participating with the undersigned in the teleconference were:

Christopher O. Carter, attorney for plaintiff;
Douglas J. Colton, attorney for defendant;
Cheryl Mpande, law clerk.

The court noted receipt of the following filings:

Plaintiff's Witness List
Plaintiff's Supplemental Witness List
Plaintiff's Exhibit List
Plaintiff's Memorandum of Fact and Law
Defendant's Witness List
Defendant's Exhibit List (divided into intended exhibits and possible other exhibits)
Defendant's Memorandum of Contentions of Fact and Law

Defendant's Proposed Stipulated Facts Regarding Background and Function of Witnesses
Defendant's Objections to Witnesses and Evidence Proposed by Plaintiff.

Defendant objected to two of plaintiff's proposed witnesses (i.e., Tommy Griffin and Duane Hoover) and several exhibits. Because plaintiff's witnesses and exhibits were deemed relevant and because defendant's concerns regarding potential hearsay testimony are premature, the court overruled defendant's objections. As plaintiff had no objections to defendant's proposed exhibits, the court ruled that defendant would be able to introduce both its "intended exhibits" as well as its "possible other exhibits" at trial. Plaintiff agreed to all of the government's "Proposed Stipulated Facts Regarding Background and Function of Witnesses."

In order to make certain that witnesses are available for the upcoming trial, the court reminded counsel to obtain subpoenas, as needed. Only two proposed witnesses were identified as potentially requiring a subpoena and they were Tommy Griffin and Duane Hoover. Applications for subpoenas are due by March 7, 2008.

Upon inquiry, counsel informed the court that the parties have stipulated to the amount of damages arising from contract termination for the convenience of the government, and for breach of contract, if proved. The parties agreed to termination for convenience damages in the amount of $13,372.88, with interest according to applicable law, and breach of contract damages in the amount of $42,641.24, with interest. The court commended and complimented counsel on their efforts in that regard.

Finally, the court requested counsel for plaintiff to update the court on the status of the Keeter bankruptcy case. Plaintiff's counsel stated that he was not fully acquainted with the bankruptcy case but believes that Mr. Keeter was discharged from the bankruptcy over a year ago. Mr. Carter stated that at one point the trustee was reported to have said that Mr. Keeter could keep the first $10,000 from this suit, but that she would deal with the rest. The court suggested that obtaining any further clarification of the bankruptcy trustee's position on the impact of Mr. Keeter's bankruptcy on this suit was the responsibility of plaintiff's counsel. For the benefit of counsel, the court offers a review of the possible

implications of that bankruptcy case *infra*.

*Ownership of Plaintiff's Claim in this Lawsuit, after Declaring it as an Asset in aBankruptcy Petition*

In response to the court's initial inquiry regarding the Keeter bankruptcy, plaintiff Keeter submitted records which indicated that *his* claims in this suit and his ownership of Keeter Trading Company, Inc. (Keeter Trading) were both listed as assets in his bankruptcy petition. *See* Documentary Appendix to Joint Preliminary Status Report (JPSR) of October 23, 2006. Plaintiff and defendant reported that repeated attempts to contact the bankruptcy trustee did not yield a written statement as to the status of any claims the bankruptcy trustee might wish to assert in this litigation. There is an observation, unsupported by any documentation, that Mr. Keeter "can keep the first $10,000 of any award" in this litigation. JPSR at 1. It is not perfectly certain, however, that the bankruptcy trustee has the right to participate in this lawsuit, as will be discussed below.

Mr. Keeter, the individual, was dismissed as a plaintiff in this suit, and only Keeter Trading, the corporation, remains as a plaintiff. *Keeter Trading Co. v. United States*, 79 Fed. Cl. 243, 249 (2007) ("It follows that Mr. Keeter is not a real party in interest in this lawsuit, and all claims asserted by him must be dismissed. RCFC 17(a). Accordingly, the remainder of this opinion addresses claims by [Keeter Trading] only."). The parties have stipulated that plaintiff's damages, for which liability has already been determined, will reach, at a minimum, $13,372.88, plus interest as determined by law. Trial is approximately two months away. The bankruptcy trustee has neither appeared in this suit, nor communicated her intent to do so. In the absence of more official communication from the trustee, the court will adjudicate plaintiff's claims in light of the facts before the court.

The implied abandonment of claims by a bankruptcy trustee is a question of law that is not entirely settled. Some cases have held that the trustee may technically abandon a lawsuit asset of the debtor when a bankruptcy case is closed. *See In re Adair*, 253 B.R. 85, 91 (B.A.P. 9th Cir. 2000) ("A bankruptcy case should not be reopened to allow recovery of an asset that the trustee decided not to pursue. . . . We are not left with a definite and firm conviction that the bankruptcy court committed a clear error of judgment in refusing to reopen Debtor's case and revoke the Trustee's technical abandonment of the Lawsuit, especially given the length of time that passed in this case between closure of Debtor's case and the

Trustee's motion to reopen.") (citations omitted); *In re Atkinson*, 62 B.R. 678, 680 (Bankr. D. Nev. 1986) ("Here, there was no doubt as to the existence of the lawsuit. The fact that the debtors listed the value of the claims as 'unknown' did not deprive the trustee of adequate knowledge of the pending litigation so as to preclude her from performing her duties. One court has noted that where the trustee has knowledge that is sufficient to put him upon diligent inquiry as to the subject asset, the abandonment is held to have been knowingly made and hence is irrevocable. *In re Tarply*, 4 B.R. 145, 146 (Bankr. M.D. Tenn. 1980). There, [the trustee] had more than just 'inquiry notice.' She in fact examined the debtor regarding the lawsuit, as well as reviewed the pleadings. The court therefore concludes that the trustee knowingly and irrevocably abandoned the lawsuit to the debtors."); *In re Enriquez*, 22 B.R. 934, 936 (Bankr. D. Neb. 1982) ("Under those circumstances, I conclude that . . . abandonment [of the bankruptcy estate's claim to the proceeds of a lawsuit] was done knowingly and that the abandonment is irrevocable. That [the lawsuit] may have been more valuable than anticipated is not material to our inquiry. The material inquiry is whether it was knowingly abandoned, which it was."). *But see Neville v. Harris*, 192 B.R. 825, 830 (D.N.J. 1996) (holding that it was not an abuse of discretion to reopen a bankruptcy case to recover a lawsuit asset because "[t]o sanction inadvertent abandonment of a potentially valuable Estate asset after the close of the Case would be inconsistent with the policy behind the Bankruptcy Code"); *Mele v. First Colony Life Ins. Co.*, 127 B.R. 82, 86 (D.D.C. 1991) (finding no technical abandonment of a lawsuit worth at least $100,000 because "the plaintiff [did not] show at a minimum that the trustee made a reasonable inquiry consistent with his statutory duties *to the estate* and *to the creditors* as to the value of estate property before impliedly abandoning it through the filing of a 'no asset' report"). Mr. Keeter's bankruptcy case was closed on November 28, 2005, following a report that "No property [is] Available for Distribution Over and Above that Exempted by Law," and the trustee was relieved of her duties. *See In re Keeter*, No. 3:05-bk-75427 (Bank. W.D. Ark. Nov. 28, 2005) (docket sheet). In light of these facts, the court entertains the possibility that the trustee abandoned any claims to the proceeds of this suit. *See* 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . . .").

Although the court would prefer a clear statement from the bankruptcy trustee as to the rights, if any, of the bankruptcy estate which might be implicated in the subject matter, the court is prepared to proceed to judgment even in the

absence of such communication. It would be inefficient at this point to delay proceedings based merely on a potential and uncertain claim to the proceeds of this suit, which presumably could be brought in another forum at a later date. For these reasons, the court encourages plaintiff's counsel to resolve any ambiguities related to this issue.

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Objections to Witnesses and Evidence Proposed by Plaintiff, filed February 13, 2008, are **OVERRULED**, for the reasons outlined above;

(2) Applications for subpoenas are due to be filed on or before **March 7, 2008**;

(3) In order to assist the parties with their designation of trial witnesses and the presentation of evidence at trial, the parties are advised as follows:

> *Any exhibit and/or any portion of an exhibit the import of which with respect to one or more issues in the case is not specifically pointed out by a witness at trial may be disregarded by the court in its determination of the case. 'Specifically pointed out' means specific mention, with reference to an exhibit number, and to one or more specific page numbers within, or otherwise identifiable portion of, the exhibit, together with an indication of how the evidence supports or disproves a fact in issue. 'Specifically pointed out' shall not include mention for the first time in post-trial briefing*;

(4) The parties shall submit (2) two copies of the exhibits to the court by **Wednesday, April 2, 2008**;

(5) The parties shall **PREPARE** an adequate number of copies of all exhibits expected to be used at trial so that the witness, the court reporter, the court, and her law clerk all have a copy (*i.e.*, four copies), in addition to copies exchanged by counsel;

(6) Trial shall **COMMENCE** on **Wednesday, April 23, 2008**, at **9:00 a.m. central time**, at the

Richard Sheppard Arnold U.S. Courthouse[1]
500 West Capitol Avenue, Courtroom 2D
Little Rock, AR.

(7) Trial shall **CONCLUDE** no later than **Friday, April 25, 2008**, at **5:30 p.m., central time**.

/s/Lynn J. Bush
LYNN J. BUSH
Judge

[1]/ The telephone number to the courthouse is (501)604-5306.